### UNITED STATES v. POE.

No. 7592.

Circuit Court of Appeals, Fifth Circuit.

Feb. 18, 1936.

J. Gregory Bruce, Atty., Department of Justice, of Washington, D. C., Wilbur C. Pickett and Randolph C. Shaw, Sp. Assts. to Atty. Gen., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., and Jim C. Smith, U. S. Atty., of Birmingham, Ala.

Frank M. Dixon, of Birmingham, Ala., for appellee.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

Appellee brought suit as administratrix of the estate of Steve E. Poe, to recover on a policy of war risk insurance, issued to the decedent while serving in the army of the United States, on the ground that the policy had matured during the life of decedent by reason of his total permanent disability. At the close of the evidence, defendant moved for a directed verdict, which was denied. Error is assigned to that action of the court.

The evidence tends to show conclusively that Poe enlisted March 1, 1917. He was given an honorable discharge July 25, 1919. The policy lapsed in August 1919. He died in 1927. No claim was made on the policy during his lifetime, and the claim was not filed with the Veterans' Bureau by the administratrix until July 3, 1931, some twelve years after the policy lapsed. He was married in 1922. He was employed by the Birmingham Electric Company continuously from 1920 to 1925 as a motorneer. He was on the extra board and was paid for nine hours a day whether he worked or not, but did not have a regular run. He earned approximately $100 a month during this employment.

There is slight conflict in the medical evidence. Dr. Mancill, a witness for plaintiff, testified that he knew the soldier in 1917. In 1918, while in the army, he came home to Indianola, Miss., on a furlough, and Dr. Mancill examined him and found him to be a tubercular suspect at that time. He made another examination in 1920, which confirmed his first diagnosis, and advised Poe to quit work and go West; that, if he had followed his advice, he believed his case would have become arrested. Dr. Deaver, who was the physician for the employees of the Birmingham Electric Company, examined him in 1921 and found he had pulmonary tuberculosis, but that the case was arrested. When he applied for employment with the Birmingham Electric Company he was given the usual physical examination by Dr. Beddow on December 8, 1920, before he was employed. The record of the examination shows that he was 27 years of age, 6 feet in height, weight 175 pounds, his pulse was normal, no abnormalities in his chest. This witness testified that on the date of his examination he could find no evidence of disease of the lungs, and Poe was not permanently and totally disabled at the time he examined him.

From the above it is apparent that plaintiff failed to sustain the burden of proving that the insured became totally and permanently disabled while the policy was in force. Walters v. United States (C.C.A.) 63 F.(2d) 299; U. S. v. Little (C.C.A.) 77 F.(2d) 420; Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492; Miller v. United States, 294 U. S. 435, 55 S.Ct. 440, 79 L.Ed. 977. It was error to deny the motion for verdict.

Reversed and remanded.